UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS SANTOS LAGAITE, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-3577 |
| | § | |
| EARL ERNST, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

Petitioner Kenneth Santos Lagaite, an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), proceeding *pro se* and *in forma pauperis*, filed an application for a writ of mandamus to compel Judge Earl Ernst of the 278th District Court of Walker County, Texas, to perform a judicial duty.  (Docket No. 1.)  Because the Court lacks jurisdiction to grant mandamus relief against a state court judge, it will dismiss Petitioner's application with prejudice.

**I. Analysis**

Petitioner seeks to compel Judge Earl Ernst of the 278th Judicial District Court of Walker County, Texas, to review the legality of Petitioner's criminal conviction in that court, based on a recent United States Supreme Court opinion in *Lafler v. Cooper*, 132 S. Ct. 1376, 182 L. Ed.2d 398 (2012).  Petitioner asserts that he is entitled to habeas corpus relief based on that opinion and that Judge Ernst has refused to consider his application for such relief.

Federal district courts are courts of limited statutory jurisdiction.  *See Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.,* 112 F.3d 1283, 1286 (5th Cir. 1997); *Veldhoen v. U.S. Coast Guard,* 35 F.3d 222, 225 (5th Cir. 1994).  The only federal statute conferring authority on federal district courts to issue writs of mandamus is 28 U.S.C. Section 1361.  That statute

specifically provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an *officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff." *Dunn-McCampbell Royalty Interest, Inc.*, 112 F.3d at 1288 (quoting 28 U.S.C. § 1361 (emphasis added)). The respondent in this case is a judge of the 278th Judicial District Court of Walker County, Texas, who is not a federal officer, agent, or employee and is not subject to the statutory mandamus authority of this Court. Thus, this Court lacks jurisdiction to entertain Petitioner's application for mandamus relief.

## II. Order

Accordingly, it is hereby ORDERED that:

(1) Petitioner's Motion to Proceed *In Forma Pauperis* (Docket No. 2) is GRANTED.

(2) Petitioner's Application for Writ of Mandamus (Docket No. 1) is DISMISSED with prejudice for want of subject matter jurisdiction.

(3) This case is CLOSED.

SIGNED at Houston, Texas, this 3rd day of February, 2015.

                                    MELINDA HARMON
                             UNITED STATES DISTRICT JUDGE